IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**REBECCA GREEN**, *Individually, and on behalf of herself and other similarly situated employees*,

Plaintiff,

v.   No._____

**MISSION HEALTH COMMUNITIES, LLC,**
*a Florida Limited Liability Company*,   **FLSA Collective Action**
and **DICKSON OPERATOR, LLC,**   **JURY DEMANDED**
*a Florida Limited Liability Company*,

Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Rebecca Green ("Plaintiff"), on behalf of herself, individually, and on behalf of herself and others similarly situated as a class, files this Collective Action Complaint, averring as follows:

### I. INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Mission Health Communities, LLC and Dickson Operator, LLC (together, "Defendants") on behalf of Named Plaintiff Rebecca Green, individually, and on behalf of other similarly situated Certified Nursing Assistants ("CNAs") as a class, who were employed by Defendants during the three (3) years preceding the filing of this Complaint. Plaintiff seeks damages for unpaid overtime

1

compensation for herself and those similarly situated who have worked for Defendants as CNAs at any time within the three (3) years preceding the filing of this lawsuit. These unpaid overtime wage claims of Plaintiff and those similarly situated are unified by a common theory of Defendant's FLSA violations.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants have conducted business within this district during all relevant periods to this action, and Plaintiff was employed by Defendants in this district at all times material.

## III. PARTIES

4. Defendant, Mission Health Communities, LLC, is a Florida limited liability company with its company headquarters located at Suite 303, 2907 W. Bay to Bay Blvd., Tampa, Florida 33629-8187.

5. Defendant Mission Health Communities, LLC, is the parent company of Defendant Dickson Operator, LLC. According to the Tennessee Secretary of State, Defendant Mission Health Communities, LLC may be served via its registered agent, National Registered Agents, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

6. Defendant, Dickson Operator, LLC is a Florida limited liability company with its company headquarters located at Suite 303, 2907 W. Bay to Bay Blvd., Tampa, Florida 33629-8187.

7. Dickson Operator, LLC is a subsidiary of Mission Health Communities, LLC.

According to the Tennessee Secretary of State, Dickson Operator, LLC may be served via its registered agent, CorpDirect Agents, Inc., 300 Montvue Road, Knoxville, Tennessee 37919-5546.

8. Defendants constitute an integrated enterprise as that term is defined by U.S.C. § 203(r) because their related business activities performed through unified operations of common control were/are for a common business purpose.

9. Plaintiff Green was employed by Defendants as a CNA within this district during the three (3) year period immediately preceding the filing of this Complaint. Ms. Greens' Consent to Join this collective action as the Named Representative Plaintiff is attached hereto as *Exhibit A*.

## IV. FACTUAL ALLEGATIONS

10. Defendant Mission Health Communities, LLC owns and operates multiple retirement and assisted living facilities in Tennessee, Wisconsin, Kansas, Minnesota and Georgia, including the Dickson Health and Rehab Center in Dickson, Tennessee where Plaintiff was employed as a CNA during the three-year period preceding the filing of this collective action.

11. Upon information and belief, Defendant Dickson Operator, LLC is a wholly owned subsidiary of Mission Health Communities, LLC and jointly operates and manages the Dickson Health and Rehab Center in Dickson, Tennessee along with its parent, Mission Health Communities, LLC.

12. Defendants were responsible for the implementation and administration of the compensation and time keeping policies applied to Plaintiff and other similarly

3

situated CNAs during all times material to this action.

13. Defendants maintained and administered a centralized time keeping system for the purpose of recording the compensable time of Plaintiff and other similarly situated CNAs.

14. Plaintiff Green and other similarly situated CNAs were employed by Defendants during the three (3) year period preceding the filing of this Complaint.

15. Plaintiff and other similarly situated CNAs were employed by and worked for Defendants in excess of forty (40) hours per week within weekly pay periods during the three (3) year period preceding the filing of this collective action.

16. Defendants have been the "employer" of Plaintiff and other similarly situated CNAs within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

17. Plaintiff and other similarly situated CNAs have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within the three (3) year period preceding the filing of this Collective Action.

18. At all times material, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA with annual revenues in excess of $500,000.00. Plaintiff and other similarly situated CNAs also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

19. Defendants' centralized time keeping system provided a means by which Plaintiff

4

and other similarly situated CNAs could "clock-in" and "clock-out" for the purpose of recording their compensable time during all times material to this Complaint.

20. Defendants had a common plan, policy and practice of automatically "clocking out" CNAs of the time keeping system during scheduled shifts for an automatically deducted thirty (30) minute unpaid meal period whether or not those CNAs were relieved from their job duties and/or continued to perform job duties during such meal period times.

21. Given the job duties and responsibilities of Plaintiff and other similarly situated CNAs, they were not fully relieved of their job duties and responsibilities and/or continued to perform job duties during such automatically deducted thirty (30) minute unpaid meal periods within weekly pay periods during all times material -- while automatically "clocked-out" of Defendants' time keeping system.

22. Plaintiff and other similarly situated CNAs were not compensated by Defendants at the applicable FLSA overtime compensation rates of pay for their automatically deducted thirty (30) minute unpaid meal periods within weekly pay periods during which times they were not fully relieved of their job duties and/or continued to perform work -- at all times material to this collective action.

23. Plaintiff and other similarly situated CNAs complained to Defendants about not being compensated for such automatically deducted thirty (30) minute unpaid meal periods for the times they were not fully relieved of their job duties and/or continued to perform job duties within weekly pay periods at all times material to this Collective Action.

24. Nevertheless, Defendants failed to "edit-in" the uncompensated, automatically deducted thirty (30) minute meal break times of Plaintiff and other similarly situated CNAs into their time keeping system or, otherwise compensate them within weekly pay periods for such unpaid meal times when they were not fully relieved of their job duties and/or continued to perform job duties.

25. Defendants did not have a plan, policy, or practice that prohibited Plaintiff and other similarly situated CNAs from performing work during such automatically deducted thirty (30) minute unpaid meal breaks or a process by which they could be relieved of their job duties during such unpaid meal break times.

26. Defendants did not provide Plaintiff and other similarly situated CNAs with some type of process or means by which to record the time they were not relieved from their job duties and/or continued to perform job duties during such automatically deducted thirty (30) minute unpaid meal breaks during all times material to this action.

27. The automatically deducted unpaid meal period claims of Plaintiff and other similarly situated CNAs are unified by a common theory of Defendants' FLSA violation

28. Defendants were aware they were not compensating Plaintiff and other similarly situated CNAs for the time they were not relieved of their job duties and/or continued to perform job duties during such automatically deducted thirty (30) minute unpaid meal periods within weekly pay periods at all times material -- at the applicable FLSA overtime rates of pay.

29. Defendants' common plan, policy and practice of not compensating Plaintiff and other similarly situated CNAs for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

30. Defendants' failure to compensate Plaintiff and other similarly situated CNAs for automatically deducted thirty (30) minute unpaid meal periods during which they were not fully relieved of their job duties and/or continued to perform job duties, within weekly pay periods at all times material, was willful with reckless disregard to the overtime provisions of the FLSA, and without a good faith basis for such conduct.

31. As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and other similarly situated CNAs in compliance with the overtime compensation requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

32. The net effect of Defendants' common plan, policy, and practice of failing to pay Plaintiff and other similarly situated CNAs one-and-one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this collective action was to unjustly enrich themselves and enjoy ill-gained profits at the expense of Plaintiff and other similarly situated CNAs.

## V. **FLSA COLLECTIVE ACTION ALLEGATIONS**

33. Plaintiff brings this case as a collective action on behalf herself and other similarly

situated certified nursing assistants pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed to them by Defendants.

34. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid certified nursing assistants employed by Defendants who were not fully relieved of their job duties and/or performed job duties during automatically deducted, unpaid thirty (30) minute meal periods without being compensated for such times at one-and-one half times their regular hourly rates of pay for all hours worked in excess of forty (40) hour per week, occurring anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action.[1] ("Class Members")

35. Plaintiff seeks to pursue her unpaid overtime wage claims against Defendants on behalf of herself, individually, and on behalf of herself and all other similarly situated CNAs as a class.

36. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one-and-one-half times their regular hourly rates of pay, as required by the FLSA.

37. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' time keeping and compensation plans, policies and practices.

38. Plaintiff and class members also are similarly situated in that their automatically deducted unpaid meal period claims are unified by a common theory of Defendants'

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

FLSA violations.

39. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

40. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims against Defendants.

41. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

42. Defendants knew Plaintiff and class members were not fully relieved of their job duties and/or continued to perform job duties during automatically deducted unpaid meal periods that resulted in excess of forty (40) hours per week within weekly pay periods at all times material, that overtime compensation to be paid at the applicable FLSA overtime rates of pay by Defendants.

43. Nonetheless, Defendants operated under a common plan, policy and practice to deprive Plaintiff and class members of such overtime compensation.

44. Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA protected rights of Plaintiff and class members, which conduct caused significant damage to them.

45. Defendants did not have a good faith basis for their failure to compensate Plaintiff and class members for all their compensable overtime hours at the applicable FLSA straight and overtime rates of pay within weekly pay periods during all times material to this action.

46. Therefore, Defendants are liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

47. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

48. Plaintiff estimates there are more than four hundred (400) members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' assisted living and memory care facilities.

49. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

50. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

51. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

52. Defendants were/are "employers" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

53. At all times material, Defendants were an "employer" of Plaintiff and each of the class members, as such term is defined by the FLSA.

54. Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

55. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

56. As a result of Defendants' common plan, policy and practice of automatically "clocking out" Plaintiff and class members out of their time keeping system while not being fully relieved of their job duties and/or continuing to perform job duties during such unpaid automatically deducted thirty (30) minute meal periods -- resulting in such time being in excess of forty (40) hours per week without compensating them for all such overtime hours at one and one-half times their regular rates of pay during such weeks -- Defendants have violated the FLSA and are liable to them for such unpaid straight and overtime compensation.

57. Section 207(a)(1) of the FLSA states an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

58. Through its actions, plans, policies and practices Defendants have violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one-and-one-half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

59. Defendants' actions were willful with reckless disregard to clearly established FLSA requirements.

60. Defendants' actions were not in good faith.

61. The unpaid overtime claims of Plaintiff and the class are unified by a common theory of Defendants' FLSA violations.

62. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

63. Defendants are liable to Plaintiff and class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members FLSA statutory damages against Defendants;

b) Award Plaintiff and class members all unpaid overtime compensation against Defendants;

c) Award Plaintiff and class members their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

d) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

e) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an opt-in collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiff and the class may

be entitled; and

m) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: May 22, 2020. Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF*
*AND OTHERS SIMILARLY SITUATED*